FIRST NATIONAL BANK OF MONTAGUE v. J. W. WAYBURN ET AL.
No. 6766.

1. **Usury — Pleading.** — Defendant pleaded that "on the 23d day of September, 1884, defendants executed to plaintiff a note for $2500 due four months after date with 12 per cent interest per annum from maturity, and that on the 26th day of January, 1885, defendants renewed the note by executing to plaintiff another note for $2700 due four months after date bearing 12 per cent interest from maturity." *Held*, the allegations were sufficiently certain, showing that the renewal was for more than the principal and accrued interest, and so usurious.

2. **Usury.**—Where usurious interest is included in a note given in renewal of a note the vice of usury will inhere in all subsequent renewals of the note.

APPEAL from Montague. Tried below before Hon. Aaron C. Owsley, Special District Judge.

The opinion states the case.

*Hodges & Walker* and *Stephens & Herbert*, for appellant.—1. The court erred in overruling the plaintiff's exceptions to the defendants' plea of usury in this, that said defendants in their plea of usury do not point out with certainty the amount and rate of interest charged or

collected by plaintiff on said original note mentioned in said plea of usury or any of the renewal notes; and because said plea is too vague, indefinite, and uncertain to apprise plaintiff of the facts upon which the defendants rely to sustain said plea of usury. Rev. Stats. arts. 1187, 2981; Edgar v. Galveston City Co., 46 Texas, 421; Sayles' Plead. and Pract., sec. 4, p. 55; Id., sec. 25, p. 67, and authorities cited; Id., sec. 6, p. 57.

2.    When a note on its face fails to show that usurious interest was charged the burden of proof is upon the party pleading usury.

COLLARD, JUDGE, *Section A.*—September 24, 1887, appellant filed suit against appellees in the District Court of Montague County for balance due on a note for $2377.55, dated November 4, 1885, due six months after date, bearing 12 per cent interest per annum from maturity and 10 per cent attorney fees, credited with $1091, paid July 24, 1886. Plea of suretyship was set up by all the defendants except J. W. Wayburn, who was the principal, and admitted by plaintiff. J. W. and W. W. Wayburn filed a sworn plea of usury as follows: That on the 23d day of September, 1884, defendants executed to plaintiff a note for $2500, due four months after date, with 12 per cent interest per annum from maturity; that on the 26th day of January, 1885, defendants renewed the note by executing to plaintiff another note for $2700 due four months after date, bearing 12 per cent interest per annum from maturity; that at about the maturity of the last named note they executed another note to plaintiff in renewal of the same for an amount unknown to them (because the same is lost), but they say it was for about $2800; that it was credited with $608 in October, 1885, and that the note sued on was given in renewal of the last named note; that since the execution of the $2500 note defendants have not nor has either of them received any consideration for any one or either of the renewal notes, but all the notes were executed in renewal of the note for $2500, and that at each renewal more than 12 per cent interest per annum was added on to the face of the note, and that therefore the contract sued on is usurious and illegal.

Plaintiff excepted to the plea of usury, because it does not set out the rate of interest alleged to have been charged, and because it is too vague, indefinite, and uncertain to apprise plaintiff of the facts upon which defendants rely to sustain usury. The court overruled the exceptions, heard the evidence, sustained the plea of usury, and gave judgment October 5, 1888, for plaintiff for $801 and $81 attorney fees, from which plaintiff appealed, and assigns as error the action of the court overruling the exceptions to the plea of usury for the reasons therein stated, and because the evidence did not show that more than 12 per cent per annum was charged on the original note or any of the renewal notes.

The evidence sustained the plea of usury as alleged. A simple calculation will show that the note for $2700 was for more than the amount of the $2500 at 12 per cent interest per annum from its date. The correct amount was $2602.50, instead of $2700. The note for $2800, counting interest on the true amount at 12 per cent for four months, could not have been more than $2706.60, and adding the interest on this amount at 12 per cent per annum from the date of the note for $2800 to the last day of October, 1885 (giving plaintiff the benefit of the uncertainty of the time), to the time of the payment of the $608, the amount would be $2846.43. Deducting the payment and the amount due on the last of October, 1885, would be $2238.43. Interest on this last amount for four days to the date of the note sued on, November 4, 1885, would give the exact amount due $2241.39, instead of $2377.55. The alleged usury is manifest, taking the averments most strongly against the plea. The plea was certain enough to show the illegality of the contract, estimating the amount due as we have done above, allowing interest at the rate of 12 per cent per annum from the date of each note and the date of payment. We also think that the vice shown to exist in the first renewal of the original note, making the renewal note $2700 instead of $2602.50, was alleged with certainty and was sufficient to vitiate all the subsequent renewals based upon it. The usurious element in the note was void and forfeited all interest. The court below gave judgment for the principal due without interest, and the attorney fees, which should be affirmed.

*Affirmed.*

Adopted May 12, 1891.