### COTTON et al. v. BEATTY.

(Court of Civil Appeals of Texas. Galveston. Nov. 19, 1913. On Motion for Rehearing, Dec. 18, 1913.)

1. USURY (§ 106*)—COMPROMISE.
   The right to sue for usurious interest paid may be the subject of compromise and adjustment.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. § 263; Dec. Dig. § 106.*]

2. USURY (§ 104*)—RIGHT TO SUE FOR—DEFENSES.
   Where defendant made plaintiff a second usurious loan in consideration of plaintiff's releasing his right to sue for usury in the first loan, that consideration is sufficient and the agreement a defense to the usury in the first transaction.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 260, 261; Dec. Dig. § 104.*]

3. APPEAL AND ERROR (§ 1175*)—DETERMINATION—REMAND.
   In an action for usury, where the trial court did not find whether plaintiff had executed a release of the usury, and its conclusion that the release was unsupported by consideration was erroneous, the Court of Civil Appeals must reverse and remand the cause, and cannot finally dispose of it.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

On Motion for Rehearing.

4. USURY (§ 100*)—PAYMENTS—APPLICATION.
   Payments made upon a contract affected with usury are applied by law as payments upon the principal, even though paid and received as interest.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 219–234; Dec. Dig. § 100.*]

5. USURY (§ 104*)—DEFENSES—CONSIDERATION.
   Where a usurious loan had already been discharged, the payments more than equaling the principal, an agreement to release all rights of action for usury, made in consideration of an extension, was without consideration and was no defense.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 260, 261; Dec. Dig. § 104.*]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by Henry Beatty against Almon Cotton and others. From a judgment for plaintiff in justice court, defendants appealed to the county court, and from an adverse judgment there, they again appeal. Reversed and remanded.

J. V. Meek, of Houston, for appellant. Geo. G. Clough, of Galveston, for appellee.

McMEANS, J. Henry Beatty, appellee, brought this suit in the justice court against Almon Cotton and G. E. Cotton, appellants, to recover for usurious interest alleged to have been paid by him to appellants. A trial in the justice court resulted in a judgment for appellee, from which an appeal was prosecuted by appellants to the county court, where, on a trial before the court without a jury, a judgment was again rendered for appellee, and, from this judgment, the appellants have prosecuted this appeal.

Appellants filed their answer in the justice court, wherein among other things, they pleaded that appellee was estopped to sue them on the cause of action asserted, for that, on the 17th day of April, 1912, the plaintiff being desirous of selling to G. E. Cotton a certain portion of his wages to be earned under a then existing contract, did on that day make and execute the following settlement release, and thereafter on June 17th, plaintiff being desirous of again selling a portion of his unearned wages, made and executed to appellant the following settlement release:

"Galveston, Texas, 4/17/12.

"Whereas I have heretofore at different times sold and assigned to G. E. Cotton and also to Almon Cotton, while he was owner of the Texas Loan Company, each of said assignments having been paid or finally settled, and being desirous of selling to G. E. Cotton this day twenty ($20) dollars of my salary or wages, earned and to be earned as shown by my assignment, this day executed to Texas Loan Company, G. E. Cotton, being sole owner, and, as an inducement to get G. E. Cotton to purchase same, I do now here release and discharge any and all claims that I might have had against said loan company, or any former owner thereof as well as G. E. Cotton, and do here bind myself to never in the future ask for, demand or sue said Loan Company or any former owner thereof or G. E. Cotton or any claim or de-

mand of any character growing out of any transaction or contract of any kind heretofore made with the agents or owners of said Loan Company. [Signed] Henry X Beatty.

　　　　　　　his

　　　　　　　mark

"G. E. Cotton,

"By N. T. Andres.

"Witness: N. T. Andres."

"Galveston, 6/17/1912.

"Whereas I have heretofore at different times sold and assigned to G. E. Cotton and also Almon Cotton, while he was owner of the Empire Loan Company, each of said assignments having been paid or finally settled, and being desirous of selling to G. E. Cotton this day ($18.00) eighteen dollars of my salary or wages, earned and to be earned as shown by my assignment, this day executed to Empire Loan Company, G. E. Cotton being sole owner, and as an inducement to get G. E. Cotton to purchase same I do now here release and discharge any and all claims that I might have had against said loan company, or any former owner thereof, as well as G. E. Cotton, and now here bind myself to never in the future ask for, demand or sue said loan company or any former owner thereof or G. E. Cotton, or any claim or demand of any character growing out of any transaction of any kind heretofore made with the agents or owners of said loan company. [Signed]

　　　　　　　his

Henry X Beatty.

　　　　　　　mark

"G. E. Cotton."

In the county court the appellee by a supplemental petition replying to appellants' plea of estoppel, pleaded as follows: "Plaintiff further says: That the alleged release or releases, if any, he executed, which he denies, are without consideration to him and void; that he received nothing of value therefor; that he cannot read or write, and if the defendants have such a document as pleaded by them, the same is a fraud upon him; that he did not sign same, and that the same was never read to him; and that the witness N. T. Andres is an employé of the defendants, and engaged in the loaning of money at 20 to 25 per cent. interest, and plaintiff believes is one of the agents of the defendants from whom he borrowed the money on which he paid usurious interest, and one of the persons in the employ of defendants to whom he paid usurious interest, and that his cross-mark on the same is forged; and that there was no consideration therefor." This pleading was verified by the affidavit of appellee.

On the issues thus joined, and after the releases above set out had been introduced in evidence, the following testimony was heard: M. M. Dutton testified: "I was in G. E. Cotton's employ last June; on the 17th day of June last year I was at the Empire Loan Company, 411 Twenty-Ninth street. I

have in my hand a mutual release. I wrote it; Henry Beatty signed it. He was at the Empire Loan Company on the 17th day of June; I know that positively; I remember the man being there on that day, and he actually executed that instrument. I gave him $15 on the 17th day of June. I took from him a sale of wages that he executed on that date. I saw the man execute that instrument, and I tell the court positively that he executed it and I witnessed it." The witness, continuing, testified that the appellee took up his assignment on that day and he bought more of his time on that day; that he bought $18 worth of his time and gave him $15 for it. The witness says: "I demanded of this man to execute that instrument before I would buy that salary."

Appellee denied that he had signed and delivered either of the releases, and further testified that, while he was in Galveston on April 17th, the date that one of the instruments bears, he was not in Galveston, but in Navasota, on June 17th, the date of the other. Robert Allen testified that he was with appellee in Navasota on June 16th.

The court filed its findings of fact and conclusions of law, the fourth and fifth paragraphs of the fact findings being as follows:

"(4) I find that the defendants did not purchase from the plaintiff any part of his salary as an employé of the Pullman Company, and that the alleged transaction was not a purchase of salary, or an assignment thereof, but simply a scheme resorted to by the defendants in an effort to evade and defeat the law against usury.

"(5) I find that the alleged release pleaded by defendants to have been executed by the plaintiff was without consideration good or valuable in law to the plaintiff, and that the only consideration for the execution of same, if it was executed, was the making of a new usurious contract between plaintiff and defendants; that the true consideration therefor, if any, was a new loan to be repaid by the plaintiff, at 20 per cent. interest per month."

The second paragraph of the court's conclusions of law is that: "An alleged release of a valuable claim or right, purporting to release claims for usury, will be disregarded, when shown to be without consideration good or valuable in law, or where the basis for the release was the entering into of an entirely new usurious undertaking wholly for the benefit of the person in whose favor the release purports to have been executed." The conclusion is attacked by appellants by an appropriate assignment of error, and the assignment must be sustained.

[1, 2] It will be seen from the above quotation from the court's findings of fact the court found that the only consideration for the execution of the release, "if it was executed," was the making of a new usurious contract between the parties, and that the

true consideration therefor was a new loan at an usurious rate of interest; and upon this finding is based the conclusion that where the consideration of the release was the loan of an additional sum of money at an usurious rate of interest, such consideration was not good or valuable in law. The court did not find that the releases were not in fact executed by appellee, although appellee denied their execution by him. In Cotton v. Thompson, 159 S. W. 460, this court said: "There is no question that a right to sue for usurious interest paid may be the subject of compromise and adjustment. Stout v. Bank, 69 Tex. 392, 8 S. W. 808. But such compromise and adjustment, to be valid, should be entered into in good faith, and the right to recover the usury waived by the prayer for a sufficient consideration." In that case we held that no consideration for the execution of the release was prayed, and that therefore plaintiff was not estopped to sue for the recovery of the amount illegally exacted of him as interest. In Stout v. Bank, supra, it was held that the extension of time for the payment of notes was a sufficient consideration for the execution of such a release. In the case at bar, it was shown by the testimony of appellant's agent that appellee executed the release upon the consideration that appellants would make a new loan to him, and that they would not make the loan until appellee signed the release. This was denied by appellee in his testimony, but, as before stated, the court did not make a finding on this issue, assuming that, even if the release was executed, the only consideration therefor was the new usurious undertaking, and that it was not a consideration deemed good or valuable in law. To this conclusion we cannot assent, for the reasons above indicated. If appellee did, in fact, execute the release in order to procure a new loan from appellant, even though at a usurious rate of interest, and if appellant would not have made the loan unless appellee should first execute the release, the release would be upon a valuable consideration and binding upon appellee, and he would be estopped to sue for a recovery of the usury.

[3] In the absence of a finding by the trial court as to whether the release was, in fact, executed, and, if so, whether upon a valuable consideration, this court cannot here render such judgment as should have been rendered by the court below, and therefore the judgment is reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

We have carefully examined appellee's motion for a rehearing and have concluded that the same should be overruled, and it has been so ordered.

[4, 5] To the end that there may be no misapprehension of our decision, we have deemed it well to add that we recognize the rule stated in Cotton v. Thompson, 159 S. W. 460, and in Loan Association v. Biering, 86 Tex. 476, 25 S. W. 622, 26 S. W. 39, that each payment made upon a contract effected with usury is a payment of the principle, applied by law, notwithstanding it was paid and received as payment of interest. The testimony in the record shows that appellee paid to appellant, in the way of interest, sums of money sufficient to discharge the amount of the principal several times over. If the contract was usurious, and the various transactions thereafter between the parties were merely renewals of the original loan, the principal had been paid long before the loan in question was applied for and obtained, and had the last transaction been merely an extension at that time of the sum claimed to be due as the principal of the debt, the extension would not have been a sufficient consideration for the execution of the release. But in this case appellants' agent testified that he made a new loan to appellee, and that the release was executed in consideration of the new loan. The trial court made no finding on this point, nor as to whether the release was in fact executed by appellee. If this testimony is true, and the release was executed in consideration of the making of a new loan to appellee, the release would be binding upon him and preclude his recovery. This ruling is in harmony with Stout v. Bank, 69 Tex. 392, 8 S. W. 808, and in accord with principle.