### CHRISTIAN et al. v. MANNING. *
No. 12780.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 4, 1933.

Rehearing Denied March 25, 1933.

*Writ of error granted.

H. D. Payne, of Floydada, for appellants.

Goggans & Ritchie, of Dallas, and Homer L. Baughman, of Fort Worth, for appellee.

DUNKLIN, Justice.

On September 20, 1922, J. D. Christian and wife, Everil Christian, executed a deed of trust on 640 acres of land situated in Floyd county in favor of the Conservative Loan Company of Texas to secure the payment of their promissory note of even date therewith in the principal sum of $15,000, due January 31, 1933, with interest thereon at the rate of 7 per cent. per annum, payable annually, evidenced by eleven coupon notes of even date with the principal note and attached thereto, the first maturing January 1, 1922, and the others on January 1st of each succeeding year thereafter, respectively, and all drawing interest from maturity at the rate of 10 per cent. per annum.

At the same time Christian and wife executed to the Conservative Loan Company seven other notes for additional interest on the $15,000 note, six for the sum of $450 each, the first due and payable January 1, 1924, and one due on the 1st day of January of each succeeding year, and another note for $300 due January 1, 1930. Another deed of trust was executed contemporaneously with the deed of trust first mentioned to secure the payment of those additional notes and covering the same land. Each of those seven notes bore interest after maturity until paid at the rate of 10 per cent. per annum, payable annually, and provided for 10 per cent. additional as attorneys' fees on default of payment, if placed in the hands of an attorney for collection. The mortgage given to secure those notes stipulates that the same would be subordinate to the mortgage given for the $15,000 note. Three of the interest coupon notes given to secure the principal note for $15,000 in the sum of $1,050 each and numbers 7, 8, and 9 of that series were transferred to J. S. Manning, who instituted this suit to recover thereon and to foreclose the mortgage given to secure the same. J. D. Christian and wife and the Conservative Loan Company of Texas were made parties defendant in the suit, and, later, the Federal Life Insurance Company, who acquired the $15,000 note from the Conservative Loan Company of Texas likewise became a party defendant.

Defendants J. D. Christian and wife filed an answer to the suit, in which they pleaded that all the notes executed by them to the Conservative Loan Company were tainted with usury in that they provided for the payment of more than 10 per cent. interest on the amount of money borrowed from the loan company, to wit, $15,000, and further pleaded certain payments made as interest which they sought to have decreed as credits on the principal of the $15,000 note.

Both plaintiff and the Federal Life Insurance Company filed replies to that plea, denying any usury and the Federal Life Insurance Company sought a decree establishing its lien for the principal sum of $15,000 and two of the interest coupon notes Nos. 10 and 11 of the first series, which were unpaid, as a valid and subsisting lien on the land as against Christian and wife and as a first and superior lien to that claim by the plaintiff, but seeking no foreclosure.

Upon a trial of the case a judgment was rendered overruling the plea of usury; awarding plaintiff a recovery for the three interest coupon notes sued on by him in the aggregate of $3,786, with foreclosure of the mortgage given to secure the same; also establishing the mortgage lien held by the Federal Life Insurance Company for the principal sum of $15,000 and the two unpaid interest coupon notes, Nos. 10 and 11 of the first series, as a valid and subsisting lien and superior to plaintiff's lien. The judgment recites a finding that six of the interest coupon notes attached to the principal note for $15,000 and Nos. 1 to 6 had been paid by the Christians.

Whether or not the plea of usury presented by the Christians should have been sustained is the principal question to be determined here.

The note for $15,000, drawing interest at the rate of 7 per cent. per annum, payable annually according to coupon interest notes attached, has this further provision:

"The principal sum of this note shall bear interest after the same becomes due and payable at the rate of ten per cent per annum until paid.

"If default be made in the payment of any installment of either principal or interest, when due, or if any of the covenants contained in the mortgage securing this note be breached, then the entire indebtedness evidenced hereby shall, at the option of the legal holder hereof, become at once due and payable without notice."

The deed of trust given to secure that note contains this provision:

"In case the said second party, its successors and assigns, satisfies any charge, of whatever nature, on the property hereby conveyed, or shall make any advances for taxes, insurance premiums, assessments or otherwise, to or on account of the grantors herein, the amount so paid for such purposes, including the interest thereon, shall be secured by this mortgage and shall be forthwith due and payable, and the said second party, its successors and assigns, shall be subro-

gated to all the rights of the party to whom such payments have been made.

"It is hereby further especially agreed that if any part of said note or interest coupons thereto attached, or any taxes or assessments, or premiums on insurance, or charge of any kind against said property, which shall have been paid by the said second party, its successors or assigns, remains unpaid for thirty days after the same shall have become due, or in the event of a breach of any covenant or condition by first party, as hereinbefore provided, then at the option of the said second party, its successors or assigns, the whole indebtedness and all sums secured by this mortgage, towit, the principal and interest then accrued on said note, and all advances made to or on account of the first party herein, for taxes, assessments, premiums on insurance, and charges of every kind, shall at once become due and payable. * * *

"If the said note, principal and interest be well and truly paid, as the same becomes due and payable according to the tenor and effect thereof, and if all sums advanced by said second party, its successors and assigns, under the provisions hereof shall be paid, with interest thereon as above provided, and all of the covenants and agreements herein contained be faithfully kept and performed, then and in that event only, this conveyance of said premises shall become null and void, and this instrument shall be released at the cost of first party, which cost he agrees to pay."

On the trial it was agreed by counsel for all parties that the seven notes mentioned in the second deed of trust were for interest on the $15,000 note additional to the interest coupons attached to that note; and it was further agreed that defendant J. C. Christian has paid to the Federal Life Insurance Company interest on the $15,000 note in different amounts and at different times, aggregating $5,783.66, which has been applied by the Federal Life Insurance Company on the interest coupons attached to the $15,000 note.

The second deed of trust, given to secure the seven additional interest notes, contains this provision:

"This deed of trust, however, is subject to a first mortgage of even date herewith executed by said parties of the first part to Conservative Loan Company of Texas for $15,000 and said notes herein described and secured are given as a part of the agreed interest on said mortgage of $15,000 as evidenced by said note, secured by the first mortgage aforesaid; and the said party of the third part is entitled hereby to all of the rights of subrogation granted and secured by said first mortgage.

"And it is hereby agreed that if default shall be made in the payment of any of the notes hereby secured, or any installment of interest on said first lien note, when due, or failure to perform any or all of the covenants and conditions in said first mortgage, or to protect the lien of this trust deed against foreclosure of said first mortgage, then the holder of the notes herein secured may at his option, declare the whole of the indebtedness hereby secured due and payable at once without notice."

Each of those notes for additional interest contains this provision:

"This is one of a series of seven notes secured by the above described deed of trust which said deed of trust is a second lien, and subject to a certain mortgage of even date herewith in the sum of $15,000.00, executed by J. D. Christian and wife, Everil Christian, to Conservative Loan Company of Texas.

"Failure to pay this note when due or any of the notes of this series, or any installment of interest thereon, or failure to pay the interest on said first lien note above described, or to perform any of the covenants or stipulations in said first mortgage, or the deed of trust securing the payment of this series of notes, shall, at the option of the holder hereof, immediately mature all of said notes and the same shall become due and payable at once, without notice."

The leading case in this state bearing on the question here involved is Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, opinion by Justice Greenwood. The rule there announced, and as settled by all the authorities, is to the effect that, if by the terms of a promissory note or deed of trust in accord therewith given to secure the same it lies in the power of the creditor under any supposable contingency to exact usurious interest, the loan will be condemned as usurious; and that, if any part of the interest is usurious, the whole is vitiated. Commerce Trust Co. v. Best (Tex. Civ. App.) 54 S.W.(2d) 1037; Ledbetter v. First Nat. Bank (Tex. Civ. App.) 31 S. W. 840; First Nat'l Bank v. Wayburn, 81 Tex. 57, 16 S. W. 554. The court will credit against the principal all usurious interest collected. Cotton v. Beatty (Tex. Civ. App.) 162 S. W. 1007; Cotton v. Cooper (Tex. Com. App.) 209 S. W. 135. And a note is subject to the defense of usury in the hands of an innocent purchaser, because under the statute it is void in its inception and cannot be vitalized by its transfer to an innocent purchaser. Gilder v. Hearne, 79 Tex. 120, 14 S. W. 1031.

The record shows that the borrowers defaulted in payment of all of the second series of interest notes. Of that series the first matured January 1, 1924, and according to its terms and of the terms of the mortgage given to secure that series, the payee had the right to declare all of that series immediately due and payable, aggregating the sum of $3,000. If at that time the borrowers had also

defaulted in the payment of No. 1 of the first series of interest coupon notes attached to the $15,000 note, amounting to $1,050, then the lender would have had the right to mature the principal of the note for $15,000, together with $1,050 interest then accrued thereon, in addition to the $3,000 due on the second series of interest notes, all making a total for interest of $4,050 owing by the borrowers, in addition to the principal of $15,000 borrowed, according to the strict letter of the $15,000 note and the two series of interest coupon notes and the two deeds of trust executed to secure them. And it may be noted here that by the terms of the second mortgage default in payment of any of the coupon interest notes attached to the $15,000 note would give the holders of the second series of notes an additional right to declare all of the second series at once due.

Interest on the $15,000 loaned to the Christians, evidenced by their note for that sum, from September 20, 1922, the date of the loan, to January 1, 1924, the date of the maturity of the first of the second series of interest coupon notes, computed at the rate of 10 per cent. per annum, the highest rate allowed by our statutes, would amount to $2,009.17; and deducting that sum from $4,050, the amount which the lender could have demanded on January 1, 1924, when he could have declared the entire debt due under the supposable contingencies noted, would leave a balance of $2,045.83, representing the amount of interest in excess of the limit fixed by article 5071, Rev. Civ. Statutes.

Even if the second series be considered separately and independently of the first series, the $3,000 which the payee could have exacted on January 1, 1924, was $955 in excess of the highest legal rate of 10 per cent. on the $15,000 loan up to that date; and that vice in the second series of interest notes tainted and vitiated the interest evidenced by the first series.

We conclude that all interest stipulated in both the first and second series of interest notes was usurious and therefore appellants' contracts to pay the same were void as against the Conservative Loan Company, the payee and all others claiming the same as assignees, including plaintiff, J. S. Manning, and the defendant Federal Life Insurance Company; and that the amounts heretofore paid by appellants as interest on the $15,000 note, aggregating $5,783.66, should be applied as a credit upon the principal of the $15,000 note, leaving a balance owing thereon the sum of $9,216.34.

■ The second deed of trust which was given solely for usurious interest should be decreed to be null and void.

■ In view of the disposition of this appeal as hereinafter shown, we deem it proper to discuss an alternative plea filed by the Federal Life Insurance Company seeking to be subrogated to the rights of holders of purchase-money notes secured by a vendor's lien on the property in controversy, which it was alleged were taken up by the $15,000 loan to the appellants here, drawing 8 per cent. interest, and evidence was offered in support of that allegation although in briefs filed here that plea is not presented by any counterproposition to appellants' assignments. Neither of the deeds of trust referred to above contained any contractual obligation giving the holder of the $15,000 note that right of subrogation; hence that right, if enforceable at all, would be solely one in equity and supported by the sole fact that the $15,000 loaned was applied to the satisfaction of those vendor's lien notes. That being a right in equity, it was incumbent upon the loan company to make a clear showing therefor under the rules of equity practice. In the first place, the $15,000 so advanced was represented by the principal of the note sued on herein and under the terms of that note and the deed of trust securing it, the holder has right to a judgment and foreclosure irrespective of the doctrine of subrogation in equity, and the holder is seeking to enforce that contractual right and to be subrogated to the stipulation for 8 per cent. interest in the old notes. The maxim that he who seeks equity must come into court with clean hands is applicable to the claim of subrogation. One seeking equity cannot be heard to assume inconsistent positions. The lender was chargeable with knowledge that the notes taken for the loan made to the appellants provided for usurious interest, contrary to the statutes. With that knowledge, it not only took the notes so tainted but later demanded and collected $5,783.66 and applied the same on such usurious interest and has elected to insist upon holding the same in denial of the plea of usury. Therefore a waiver of the alleged right of subrogation was conclusively shown by uncontroverted proof whether such waiver was intended or not. Equitable Life Assurance Co. v. Ellis, 105 Tex. 506, 147 S. W. 1152, 152 S. W. 625.

Accordingly the judgment of the trial court is reversed in its entirety and in order that there may be one final judgment settling all issues involved, the cause is remanded for the purpose of allowing the Federal Life Insurance Company an opportunity to amend its pleadings in order to get personal judgment against appellants for the balance owing by appellants on the $15,000 note as indicated above, together with attorneys fees provided for in the note, with foreclosure of the mortgage lien given to secure the same, since it appears that such balance is now past due. And the trial court is instructed to render a final judgment that plaintiff, J. S. Manning, recover nothing against appellants for the three interest coupon notes held by him; that

the Federal Life Insurance Company recover nothing of appellants on the two interest coupon notes Nos. 9 and 10, attached to the principal note for $15,000; and canceling the second series of interest coupon notes and the deed of trust executed to secure the same. The trial court will also render judgment awarding the Federal Life Insurance Company a recovery against appellants for said balance of $9,216.34, together with attorneys' fees provided for in the note for $15,000, with interest from date of the judgment at the rate of 6 per cent. per annum, and with foreclosure of the mortgage lien upon the property in controversy, in full of all claims of the Federal Life Insurance Company, provided that company shall file an amended pleading praying for that relief; and this opinion will be certified to the trial court for observance.

### On Appellee's Motion for Rehearing.

It is insisted that since the mortgage given to secure the notes sued on and on which the judgment was based recited that those notes were given in renewal and extension of prior vendor's lien notes on the same property, plaintiff was entitled to recover on those vendor's lien notes unaffected by the usury in the renewal notes, under the rule of decisions announced in Cain v. Bonner, 108 Tex. 399, 194 S. W. 1098, 3 A. L. R. 874; Federal Mortgage Co. v. State National Bank (Tex. Civ. App.) 254 S. W. 1002; Bernheisel v. Firmin, 22 Wall. (99 U. S.) 170, 22 L. Ed. 766.

However, in Cain v. Bonner, supra, in an opinion by Chief Justice Phillips, the following was said:

"As originally brought, this suit was by W. G. Cain for a balance due, with interest, upon a mechanics lien contract in the amount of $3,000.00 executed by Charles T. Bonner and wife in favor of one James Bothwell. It was instituted more than four years after the maturity of the contract. Special exceptions urged by the Bonners to the petition on the ground of limitation were sustained. Thereupon, the plaintiff, on February 22, 1911, by an amended petition set up respective written acknowledgments and renewals of the debt executed by the Bonners in his favor, and also its acknowledgment by Charles T. Bonner through a letter.

"The original contract given Bothwell provided for interest at the conventional rate from its maturity. The renewal obligations given plaintiff stipulated for the payment of interest at a usurious rate. The defense of usury was made. * * *

"When in an action for debt a new promise is relied upon to avoid a plea of limitation, such promise whether made before or after the bar is complete, constitutes the cause of action and must be declared upon for a recovery. Since the statute, when pleaded, makes a recovery upon the barred debt impossible, reliance upon the new promise to overcome limitation necessarily makes of it the cause of action. Otherwise there is no cause of action that may be enforced. * * *

"Having declared upon the renewal agreements, the plaintiff's right of recovery was measured by them. He could not avail himself of their benefits without subjecting his action to the defenses which they afforded. The ordinary principles of estoppel would deny to him the appropriation of only their favorable results. With the suit resting upon them, their usurious character was necessarily an available defense. It was therefore proper to apply the usurious interest collected by the plaintiff under them to the reduction of the principal of his debt, as was done by the Court of Civil Appeals [149 S. W. 702] in its judgment."

As pointed out in our opinion on original hearing, plaintiff's suit was upon the renewal notes and not upon the original vendor's lien notes, and therefore subject to the defense of usury which was pleaded. That conclusion is expressly sustained by the foregoing decision of our Supreme Court; and that would be true even if plaintiff had expressly declared on the original vendor's lien notes in an alternative or amended pleading; to say nothing of a probable additional defense of limitation to the vendor's lien notes, if the case should be remanded for the purpose of permitting an amended pleading declaring on those notes.

Accordingly, the motion for rehearing is overruled.

### On Appellants' Motion for Rehearing.

Since it appears that the defendant Mrs. Everil Christian, wife of J. D. Christian, was a married woman at the time the notes sued on herein were executed, no personal judgment against her can be recovered, and therefore the personal judgment which the trial court is instructed to render in the cause in favor of the Federal Life Insurance Company will be against J. D. Christian only and not against the defendant Mrs. Everil Christian; and the opinion heretofore filed is hereby corrected to that extent.