### FERGUSON et al. v. DALLAS JOINT- STOCK LAND BANK.

### No. 11959.

Court of Civil Appeals of Texas. Dallas.

April 11, 1936.

Rehearing Denied May 2, 1936.

John Davis, of Dallas, for appellants.

Renfro, McCombs & Kilgore, of Dallas, for appellee.

JONES, Chief Justice.

In a suit in a district court of Dallas county, appellee, the Dallas Joint-Stock Land Bank of Dallas, recovered a judgment against appellant, James E. Ferguson, for the sum of $51,614.40, and foreclosure of a deed of trust lien on 626 acres of land in Bell county against both appellants. From this judgment, appellants have duly perfected this appeal, and the following are the necessary facts:

On January 15, 1923, appellants executed a joint note in favor of appellee, in the principal sum of $40,000, and secured the same by the execution at the same time of a deed of trust on the said 626 acres of land, thereby creating a lien against the land in said amount to secure the indebtedness. The note executed was the usual Federal Land Bank amortization note, providing for 65 semiannual payments of $1,400 each, and a 66th payment of $1,169.20; the first payment maturing July 1, 1923, and a payment each succeeding six months thereafter, the final payment maturing July 1, 1956. The first clause of the note states the contract succinctly, and is: "For value received, the undersigned promise to pay to the order of The Dallas Joint-Stock Land Bank of Dallas at its office in the City of Dallas, Texas, the principal sum of Forty Thousand and No/100 ($40,000.00) Dollars, in Gold Coin of the United States of the present standard of weight and fineness, or its equivalent in United States Currency, with interest at the rate of six per cent. per annum payable in sixty-five equal semi-annual payments, each of which is for 3.5 per cent. of the principal and one final payment, which is for 2.923 per cent. thereof, due and payable as follows: On the first day of January and July of each year one such semi-annual payment of Fourteen Hundred & No/100 Dollars, and the final payment of Eleven Hundred Sixty-Nine & No/100 Dollars payable on the first day of July, 1956, unless this note shall be sooner matured by extra payments on account of principal. Such method of payments being the amortization plan and in accordance with the amortization tables provided by the Federal Farm Loan Board."

The note further provides: "If default be made in any payment above provided for, or in case of failure to perform any of the conditions of the mortgage or deed of trust securing this note, then the legal holder hereof shall have the option, without demand or notice to the maker, to declare the remaining principal and accrued interest thereon, immediately due and payable, and may thereupon foreclose the lien given to secure its payment."

Under this contract, each $1,400 semi-annual payment has discharged the interest then due on the note and also 3.5 per cent. of the principal of $40,000, so that in each succeeding semiannual payment there is less interest to be paid and more of the principal discharged. If the payments were made to July 1, 1956, the entire debt would be discharged, and interest only at the rate of 6 per cent. per annum would have been paid. The note also contains the following paragraph: "All payments not made when due shall bear interest from due date to the date of payment at the rate of eight per cent. per annum. Said bank is hereby authorized to apply all payments made on this note to the payment of such part thereof as it may elect."

While other defenses were urged at the trial, the only defense urged on this appeal is that of usury, and the claim of usury rests on the construction, made by appellants, of the last-quoted paragraph of the note. The deed of trust contains the same contractual paragraphs that are contained in the note.

The note and deed of trust contains an acceleration clause. The acceleration clause in the note provides, "The remaining principal and accrued interest thereon" may be accelerated after default. The acceleration clause in the deed of trust provides that "the whole note" may be accelerated upon default. It is seen, therefore, that there is a slight difference in the acceleration clause given in the note and the acceleration clause given in the deed of trust. If these clauses be subject to a different construction, then the clause in the note is controlling. Reynolds Mortgage Co. v. Thomas, 124 Tex. 570, 81

S.W.(2d) 52. For this reason, we will look alone to the acceleration clause in the note, and as the contract rate of interest is 6 per cent., and as in case of default only the unpaid matured interest is allowed, it is clear that no usurious interest is provided for under the power given in the acceleration clause.

However, appellants base their claim for usurious interest on a construction placed on the last-quoted paragraph of the note. This paragraph deals with unpaid matured interest and unpaid matured principal, and should be construed in respect to this subject-matter. Appellants construe the sentence in said paragraph, "Said bank is hereby authorized to apply all payments made on this note to the payment of such part thereof as it may elect" to comprehend not only matured unpaid installments, but all payments appellants contracted to make. They then show that, if appellee, acting under the power given it in this paragraph of the note, had applied the first 33 $1,400 payments to the discharge of the last 33 payments of the note, leaving the first 33 unpaid and in default, and therefore subject to draw interest at the rate of 8 per cent. per annum from the date of maturity of each of said payments, the result would be an unlawful exaction of usurious interest. To justify this contention as to usury, appellants cite the case of Christian v. Manning, 59 S. W.(2d) 234, 236, by the second Court of Civil Appeals, and quote from such decision the following clause: "If by the terms of a promissory note or deed of trust in accord therewith given to secure the same it lies in the power of the creditor under any supposable contingency to exact usurious interest, * * * the whole is vitiated." The quoted clause from the case of Christian v. Manning, supra, was also contained in a decision by the same court, in the case of Commerce Trust Co. v. Best, 54 S.W.(2d) 1037. The Supreme Court, though affirming both of these cases, on the ground that the terms of the accelerating clause in each case clearly authorized the collection of usurious interest, repudiated the doctrine announced by the Court of Civil Appeals, in the above quotation. Manning et al. v. Christian et ux., 124 Tex. 517, 81 S.W. (2d) 54; Commerce Trust Co. v. Best, 124 Tex. 583, 80 S.W.(2d) 942, 943.

We cannot agree to appellee's construction of the clause of the note under review. To hold that this clause authorized appellee to apply the payments, other than those made on past-due items, as it might direct, and that thereby appellee was authorized to apply a payment, timely made on a matured debt, to an item not matured, is to contradict the other plain provisions of the contract, as recited in the note, and thus to create a default where none should exist, is a construction which we think is both strained and unreasonable. As suggested by appellee in its brief, this clause should be construed to authorize that, "any payment made upon the note after any installments have become delinquent might be credited upon three things: (1) accrued principal of the note; (2) accrued interest upon the unpaid balance of the principal; (3) interest upon past-due principal and interest, or the so-called penalty interest." When we consider the subject-matter that this clause deals with, this construction is reasonable and in harmony with other provisions of the contract, as expressed in the note and deed of trust. This appears to be the construction placed upon said clause by the parties, as shown by numerous letters written by appellee to appellants. This construction would not allow usurious interest.

We therefore hold that, under a reasonable construction of the contract between the parties, no usurious interest could be exacted. Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.(2d) 935; Lincoln National Life Ins. Co. v. Anderson, 124 Tex. 556, 80 S.W.(2d) 294, rehearing, 81 S.W. (2d) 1112; Peoria Life Ins. Co. v. Harton (Tex.Civ.App.) 84 S.W.(2d) 864 (writ of error refused).

It necessarily follows that, in our opinion, the judgment should be affirmed, and it is so ordered.

Affirmed.