## TEMPLE TRUST CO. et al. v. SEWELL et ux.

### No. 8505.

Court of Civil Appeals of Texas. Austin.
July 21, 1937.

Rehearing Denied Aug. 7, 1937.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellants.

Dibrell & Snodgrass, of Coleman, for appellees.

BAUGH, Justice.

This suit involves the question of usury. It was originally brought by appellees as plaintiffs against the Temple Trust Company in 1931. Subsequent thereto and prior to trial, H. C. Glenn was appointed by the Federal District Court as receiver

of the Temple Trust Company and duly qualified as such. By amendment, Glenn, as receiver, was made a party to the suit. The suit involves a loan made by the Temple Trust Company to Sewell. The Sewells, as borrowers, brought the suit, in addition to certain injunctive relief asked for and not material to this appeal, to have the loan declared usurious, to have all interest paid more than two years prior to the filing of such suit applied in discharge of the principal, to recover as penalties double the amount of interest paid within two years of filing suit and have that likewise applied; and to cancel the outstanding notes and deed of trust lien on their property in the City of Coleman, given by them to secure the payment of their debt. The appellants, defendants below, in addition to the general and special pleas filed, sought by cross-action judgment upon their notes and foreclosure of their lien. Trial was to the court and judgment rendered for the plaintiffs as prayed for; from which judgment the defendants have appealed.

█ The following facts appear: On September 6, 1924, the Sewells borrowed from the Temple Trust Company $1,350, for which they executed their notes in the total sum of $1,520. Notes 1 to 4 were for $100 each, notes 5 and 6 for $200 each, maturing on October 1st of each year from 1925 to 1930; and note No. 7 for $720, maturing October 1, 1934. All notes bore interest from date at the rate of 7 per cent. per annum, interest payable semiannually, and their payment was secured by a deed of trust lien on the property involved. The same character of contract is involved, and the same issues of law are presented, on this appeal, as were before us in Temple Trust Company v. Stobaugh, 59 S.W.(2d) 916, and Temple Trust Co. v. Haney, 103 S.W.(2d) 1035, affirmed by the Supreme Court in 107 S.W.(2d) 368, wherein we held that such loan was usurious as a matter of law. While appellants again insist that the Temple Trust Company merely purchased a note and mechanic's lien executed by the Sewells at a discount, the record shows that the Temple Trust Company prepared all instruments executed by the Sewells, including the mechanic's lien and note, the transfer thereof to it, and the new notes and deed of trust, all of which were sent by it to its agent at Coleman, and that the Sewells executed all of them at the same time before the same notary. They constituted, therefore, but a single transaction whereby the Temple Trust Company lent Sewell the money, and merely took this method of perfecting its security.

Prior to August 22, 1929, Sewell paid off the first four notes for $100 each and $469.10 as interest under the original contract. At that time he paid an additional $20 on the principal (which then aggregated, according to the face of the notes still unpaid, the sum of $1,120) and executed a renewal or extension note for $1,100, payable in monthly installments over a period of 60 months. The interest rate on this new note, instead of being 7 per cent., as in the old notes, was increased to 9¾ per cent. On this installment note the Sewells paid prior to the filing of this suit the sum of $438.60, of which amount the trial court found that $121.23 was paid as interest within two years next preceding the filing of this suit.

█ That the loan in question was usurious as a matter of law is settled by the Haney Case, supra, and cases therein cited and discussed. The instant case, however, differs from the several cases brought before us on appeal, wherein a bonus of 12 per cent. over the sum of money actually received by the borrower was added into the face of the notes as principal and 7 per cent. interest charged on the enlarged principal. Here, while the contract was usurious because of the bonus feature and the accelerated maturity provisions in the notes and deed of trust, the borrower, Sewell, had not, prior to the date he executed the renewal note on August 22, 1929, actually paid as interest in any one year more than 10 per cent. on the $1,350 actually received. This was demonstrated in our computations in the Haney case which are equally applicable here. But after he executed the new note for $1,100 on August 22, 1929, bearing 9¾ per cent. interest, instead of 7 per cent. as theretofore, the interest thereafter paid by him on the new note at the new rate did exceed 10 per cent. per annum on the balance of the actual principal owed by him. This is made clear by the following computation: The sum of money actually borrowed by him, that is, $1,350, and not the $1,520 written into the notes, must be treated as his actual principal. Prior to August 22, 1929, the date of the renewal and extension note (which was

but a continuation of the same loan between the same parties), he had repaid $400 of that principal, leaving a principal of $950 then due. At that time he paid $20 more on said principal, thereby reducing it to $930; but he executed a new note for $1,100, on which he was obligated to pay interest at the rate of 9¾ per cent. Ten per cent. on the $930 principal actually owed by him would, of course, be $93. Whereas 9¾ per cent. on the $1,-100 which he was then required to pay as interest would be $107.25, manifestly in excess of 10 per cent. Consequently in the instant case Sewell was entitled to invoke the penalty statute, article 5073, R.S., as to interest paid less than two years prior to filing his suit, because he had in fact paid interest in excess of 10 per cent. on what he owed. The trial court therefore properly allowed recovery of such penalty and the application of such to the discharge of Sewell's debt. Adleson v. Dittmar Co., 124 Tex. 564, 80 S.W. (2d) 939; Haney Case, supra.

Summarizing the facts found by the trial court, the following appears: Sewell actually borrowed $1,350. In addition thereto the Temple Trust Company, in accordance with the provisions of the contract, expended for his benefit as taxes on said property the additional sum of $113.60, making his total debt to it the sum of $1,463.60. Prior to August 22, 1929, he paid said company $869. On that date he paid $20 additional, and thereafter the sum of $438.60, of which latter sum $121.23 was paid within less than two years prior to filing his suit, and upon which he was entitled to recover double the amount as penalty. These payments, plus his penalty awarded, aggregate the sum $1,448.83, which deducted from what he owed leaves a balance due the Temple Trust Company of $14.77 on said note. Ten per cent. attorney's fees provided therein increase that amount to $16.25, for which the trial court should have rendered judgment, instead of the sum of $49.13 provided in the judgment.

While the appellees have by cross-action complained of the failure of the trial court to render judgment in their favor for the sum of $8.13, the judgment rendered does not show that they excepted to it in any manner. However this may be, the defendants filed a trial amendment, wherein they, in connection with the sundry relief asked for in their petition, tendered into court the sum of $49.13 as still due by them to Temple Trust Company, the trial court rendered judgment for that amount, in addition to granting them all the other relief prayed for, and decreed that no costs be taxed against them. Under these circumstances, though the judgment be erroneous as to the difference between the $49.13, which they tendered as due by them, and the $16.25, which was the correct amount, appellees, having in effect confessed judgment for that amount, are in no position to complain. The judgment of the trial court will therefore be affirmed.

Affirmed.