HEWITT et ux. v. CITIZENS SAV. BANK & TRUST CO. OF ST. JOHNSBURY, VT.

No. 8540.

Court of Civil Appeals of Texas. Austin.

Dec. 1, 1937.

Rehearing Denied Oct. 12, 1938.

H. D. Payne, of Floydada, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

This is a usury suit. It arose out of the following facts: On May 1, 1917, Temple Trust Company made W. P. Hewitt and wife a loan of $5,000, to mature 10 years after date, agreeing that the indebtedness should bear interest at the rate of 7 per cent. per annum, and also agreeing that 1 per cent. of the interest on the loan for a period of 10 years, and amounting to $500, be added to the principal note. The note was accordingly executed for $5,500, and provided for interest at the rate of 6 per cent., payable annually. Hewitt and wife paid the $330 per year as such annual interest each year as it became due for the 10-year period, making a total of $3,300 paid by them as interest on the loan, plus the $500 interest included in the face of the note by agreement, which made a total of $3,800 of interest agreed upon by the parties for the 10-year period. When this note for $5,500 matured, it was renewed and extended for another 10 years; the renewal contract and notes reciting that they were in renewal and extension of the original loan; and also providing that the deeds of trust given to secure the renewal notes on certain lands described were in renewal and extension of the original deed of trust executed by the Hewitts to secure the first loan. The first loan transaction was evidenced by only one note and one mortgage or deed of trust. The renewal contract was evidenced by a principal note of $5,500, which included the $5,000 original loan and the 1 per cent. interest added to the face of the first loan, amounting to $500. This $5,500 renewal note was secured by a first deed of trust, with interest from date at 6 per cent., payable annually. There was executed a note for $1,127.50 which represented 2 per cent. additional interest agreed upon by the parties, making a total of 8 per cent. interest provided for in the renewal loan contract. Both the original loan contract and the renewal contract were between the Temple Trust Company and the Hewitts. The $5,500 original note was endorsed to appellee, Citizens Savings Bank & Trust Company, and the $5,500 renewal note and deed of trust lien securing it were assigned to it on April 23, 1927, by the Temple Trust Company, which company retained the $1,127.50 interest note. This suit is by appellee on the $5,500 renewal note and the interest accruing thereon to the date of the judgment, and for 10 per cent. attorney's fees. The defense of appellant was usury, and prayer was to apply interest paid to payment of principal debt and for cancellation of all deeds of trust liens. On a trial to the court without a jury, appellee recovered judgment as prayed, for the sum of $7,568.

The trial court concluded that the first loan contract was not usurious because the parties agreed that the loan should bear 7 per cent. interest and further agreed that $500 of such interest should be incorporated in the face of the note; and further

agreed in the mortgage securing the original loan that in case of default in the payment of the interest, the owner of the note could only collect the principal and "interest then accrued." The trial court further concluded that the renewal loan contract was not usurious because the acceleration of payment clauses in both the first and second lien notes specifically provided that in the event of default in the payment of either principal or interest, that only the interest accrued on such loan would be collectable under the contract. With these conclusions we cannot agree.

 The original loan contract of 1917 is not usurious on its face, but became so because in its execution 1 per cent. interest for the full 10-year period was added in the face of the note where it appeared as principal; and the loan contract further provided that upon default of the payment of any annual installment of interest the holder could declare the whole debt, both principal and accrued interest, due and payable. Under the terms of this contract, the creditor or holder of the note or loan contract could have on default of the Hewitts in the payment of the first year or any annual installment of interest declared the whole debt, both principal and accrued interest, due and payable, and could have collected not only the $330 interest provided for the first year of the loan, but could also have collected the $500 of interest added to the face of the note as principal. Thus the contract clearly provided for the collection of $830 as interest for the first year or any shortened period on the $5,000 actually loaned, and therefore authorized the collection of more than 10 per cent. interest for the first year, or for any shortened period. Similar contracts have been construed by the several decisions of the Supreme Court and of this court, wherein it is held that when interest is included in the face of the note as principal, it is conclusive evidence that the creditor intended to collect that amount under the acceleration of maturity provision of the note or deed of trust. Obviously the agreed facts above detailed clearly bring the original loan contract in the instant case within the settled rule that a loan contract is usurious when under its terms fairly construed the creditor can, on default of the debtor, accelerate the maturity of the loan and thereby exact interest for the shortened period in excess of the permissible statutory rate, Vernon's Ann.Civ.St. art. 5071. Deming Inv. Co. v. Giddens, 120 Tex. 9, 30 S.W.2d 287; Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.2d 282, 39 S.W.2d 11, 84 A.L.R. 1283; Adleson v. Dittmar Co., 124 Tex. 564, 80 S.W.2d 939; Temple Trust Co. v. Stobaugh, Tex.Civ.App., 59 S.W.2d 916; Temple Trust Co. v. Haney, Tex.Civ.App., 103 S.W.2d 1035, affirmed by the Supreme Court in 107 S.W.2d 368; Glover v. Buchman, Tex.Civ.App., 104 S. W.2d 66; Trinity Fire Ins. Co. v. Kerrville Hotel Co., 129 Tex. 310, 103 S.W.2d 121, 110 A.L.R. 442; Temple Trust Co. v. Sewell, Tex.Civ.App., 108 S.W.2d 279; Ingram v. Temple Trust Co., Tex.Civ.App., 108 S.W.2d 306.

 Nor is the second or renewal loan contract in suit usurious on its face. Suffice it to say here that in all of its material provisions it is identical with the provisions of the loan contract involved in the case of Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.2d 935, wherein both the Supreme Court and this court, 60 S.W.2d 826, held that the similar contract was not usurious. But the second or renewal loan contract herein sued upon became usurious because it was not purged of the taint of usury existing in the original loan transaction. Our courts have uniformly held that the taint of usury in an obligation extends to all renewals thereof, even though the renewals take the form of an original loan. In the early case of Stanley v. Westrop, 16 Tex. 200, 201, the Supreme Court said that, "every subsequent security, given for a loan originally usurious, however remote, or often renewed, will be affected by the illegality of the original consideration." First Nat. Bank v. Wayburn, 81 Tex. 57, 16 S.W. 554; El Paso Bldg. & Loan Ass'n v. Lane, 81 Tex. 369, 17 S.W. 77. Recent decisions hold that to be effective in purging a contract of the taint of usury, subsequent renewals or agreements between the parties must be based upon a new and independent consideration, which consideration must be equal to the full amount of the usury. Rose v. O'Keefe, Tex.Com.App., 39 S.W. 2d 877. Numerous cases also lay down the rule that if the various transactions between the parties amount to a mere renewal of the original usurious loan, the mere extension of time for payment of the sum claimed to be due as principal will not suffice as a consideration for the new contract. Cotton v. Beatty, Tex.Civ.App., 162

S.W. 1007. And in the application of the rule the courts have held that in order to purge the renewal contract of the taint of usury, all interest collected under the original usurious contract must be applied to principal, and the renewal note must be executed for the difference between the amount of the interest paid on the usurious contract and the amount of the original loan. International Bldg. & Loan Ass'n v. Biering, 86 Tex. 476, 25 S.W. 622, 26 S.W. 39; Cotton States Bldg. Co. v. Jones, 94 Tex. 497, 62 S.W. 741. Or, as is said in 66 C.J. p. 265, § 235(4): "In an action brought on a renewal note, all usurious interest charges on preceding notes, whether paid or incorporated in the renewal, must be deducted from the face of the renewal note in determining the amount to be recovered."

■■ In the instant case there was no agreement or effort made to purge the renewal contract of the taint of usury existing in the original contract. The parties merely agreed upon a renewal and extension of the original ·indebtedness. No credit was given appellants on the principal loan of $5,000 for the interest they had paid on the original usurious loan contract. Appellants had actually paid during the 10-year period of the original loan contract $3,300 as interest on the loan of $5,000. A debtor may under the provisions of Art. 5071, R.S. 1925, which declares a usurious contract void to the extent of the interest, require that all interest paid on the usurious contract be credited on the principal; and this is true although the amount actually paid did not exceed the statutory rate. It is the contract for usury which the statute condemns. When the $3,300 paid as interest on the original loan of $5,000 is deducted, there remains a balance of principal of only $1,700. This should have been the amount of the renewal note in suit. The parties nevertheless executed a renewal note for $5,500, which included in its face the $500 collected as interest on the original usurious contract. The agreed facts show that appellants have actually paid on the $5,500 renewal note, which should have been for only $1,700, a total of $2,205.82 as interest. Thus under the agreed facts·it is shown that appellants actually paid $3,300 as interest on the original loan of $5,000, and actually paid $2,-205.82 as usurious interest in fact on the renewal and extension loan contract, thus making a total of $5,505.82 of interest paid on these usurious contracts. Appellants are, therefore, entitled to have applied to the payment of the original indebtedness of. $5,000, the $5,505.82 usurious interest collected, or so much thereof as will extinguish the original debt of $5,000.

It seems to be the contention of appellee that even though the original contract might have become usurious because of the enforcement of the acceleration of maturity clause, that that right was never exercised and the Hewitts never actually paid any usurious interest. Appellee further contends that since the original contract fully matured without any usurious interest ever having been actually paid, and since the parties voluntarily executed the renewal obligation into a contract that was not usurious, the taint of usury in the first contract did not follow into the renewal loan contract. Our above statement of the law answers this contention. The question here presented is not analogous to the question determined in the case of Thompson et ux. v. Kansas City Life Ins. Co., Tex.Civ.App., 102 S.W.2d 285, writ refused, relied upon by appellee. In that case it was held that where a usurious loan contract has been fully executed and the debtor has paid all of the interest and all of the principal due, he cannot, under the provisions of Art. 5071, sue to recover the usurious interest so voluntarily paid. No such case is here presented; but the rule applicable here is that where the statute declares all interest null and void as the consequence of the usurious contract, the court cannot, in an action involving a usurious note, give judgment for the principal unpaid plus legal interest, but all interest paid on the usurious loan contract must, upon demand of the creditor, be applied to payment of principal.

Under our above conclusions, the judgment of the trial court is reversed, and judgment is here rendered for appellants and that appellee take nothing by its suit upon the notes and usurious loan contracts involved in this litigation, and the same are hereby cancelled; and the mortgages and deed of trust liens on the property described and executed by appellants to secure the payment of said loan contracts and the notes evidencing them are hereby cancelled and held for naught.

Reversed and rendered.