PALMETTO LUMBER COMPANY ET AL. v. J. P. GIBBS ET AL.

No. 6359. Decided March 27, 1935.
Rehearing overruled May 15, 1935.
(80 S. W., 2d Series, 742; 82 S. W., 2d Series, 376.)

*John G. Logue, W. J. Howard, Homer Mabry, Chas. C. McRae, Andrews, Streetman, Logue & Mobley* and *Andrews, Kelley, Kurth & Campbell,* all of Houston, for plaintiffs in error.

On proposition that contract was usurious: Crider v. San Antonio Loan Assn., 89 Texas, 600; Bothwell v. Farmers &

Mer. Bank, 120 Texas, 1, 30 S. W. (2d) 289; D. Sullivan & Co. v. Scheiner, 222 S. W., 314.

*W. L. Dean* and *Tom Martin Davis,* and *Dean & Humphrey,* of Huntsville, *Walter H. Walne, S. H. German,* and *Baker, Botts, Parker & Garwood,* all of Houston, for defendants in error.

*M. W. Terrell,* of San Antonio, filed brief as amicus curiae.

MR. JUDGE CRITZ delivered the opinion of Commission of Appeals.

This suit was filed in the District Court of Harris County, Texas, by Palmetto Lumber Company et al. against J. P. Gibbs et al., holders of the estate of Sallie E. Gibbs, deceased. We interpret the petition as an action for an accounting, and to recover the title and possession of 6493.05 acres of land in Jasper and Newton Counties, Texas. The record in this case is one of the largest ever filed in this Court. The trial in the district court was by the Court without a jury, and resulted in a judgment denying the Palmetto Lumber Company the recovery of the above mentioned 6493.05 acres of land. In the suit for an accounting Palmetto Lumber Company et al. were awarded judgment for $10,129.84. Palmetto Lumber Company appealed to the Court of Civil Appeals at Galveston. On equalization of the dockets of the several courts of civil appeals the case was transferred to the Court of Civil Appeals at Beaumont. On final hearing in the last mentioned court the judgment of the district court was in all things affirmed. 52 S. W. (2d) 120.

It appears that Gibbs et al. did not appeal from the judgment of the district court. They did, however, file certain cross assignments of error in that court. These cross assignments complained that the trial court erred in refusing to allow them credit for certain items involved in the accounting suit. The Court of Civil Appeals considered these cross assignments of error after it had overruled all of the assignments of the appellants, and also overruled all such cross assignments. Both sides prosecuted writs of error to the Supreme Court and both applications were granted. The application for writ of error filed by Palmetto Lumber Company et al. was first granted, and the application filed by Gibbs et al. was granted because of the granting of the application of Palmetto Lumber Company et al. In fact Gibbs et al. only prayed for the granting of their application if the application of Palmetto Lumber Company should be granted.

The Court of Civil Appeals has made a very comprehensive and correct statement of the facts and issues of this case. The case requires a very extended statement. In the interest of brevity we approve and adopt the statement made by the Court of Civil Appeals. We will make such additional statements in this opinion as it necessary to make it complete within itself as to the law questions directly discussed and decided.

It appears from the record before us that on October 3, 1907, Palmetto Lumber Company, a corporation, by general warranty deed, in all respects regular upon its face, conveyed to Mrs. Sallie E. Gibbs 36 tracts of land, aggregating 6493.05 acres. All of this land is in Newton County, Texas, except one tract of 222 acres on the Henning Survey, which is located partly in Jasper County, and partly in Newton County. This deed also conveyed to Mrs. Gibbs an undivided one-fourth interest in the standing timber growing on the above 36 tracts of land, and also an undivided one-fourth interest in the timber growing on 19 other tracts of land in Newton County, Texas. This deed was duly recorded.

The real consideration for the execution and delivery of the above deed does not appear on its face. It merely recites "a valuable consideration to it in hand paid by Mrs. Sallie E. Gibbs." The real consideration for this deed involved transactions that were rather complicated. For the purposes of this opinion we still take it for granted that the real consideration for the execution and delivery of this deed was entirely usurious interest charged by Mrs. Gibbs against Palmetto Lumber Company, the grantor therein, in the sum of $47,-643.75.

Palmetto Lumber Company et al. contend that because the entire consideration for the execution of the above deed was usurious interest, such deed was and is absolutely void from its incipency. They seek recovery of the land conveyed thereby on the theory that they can have such recovery without first setting aside the deed. Of course if the deed was and is void, that is an utter nullity, such contention can be sustained; otherwise not.

Gibbs et al. contend that even if it should be admitted that the entire consideration for the execution of the above deed was usurious interest, still such deed was not on that account absolutely void. It is then contended by Gibbs et al. that since such deed was not void, it must be set aside and annulled before a recovery of the land can be had by Palmetto Lumber Company et al. In this connection Gibbs et al. further contend that the deed cannot be set aside in this action

because the petition of Palmetto Lumber Company prays for no such relief, and further because such an action was barred by the two and four years statutes of limitation at the time this suit was filed. In. this connection it will be noted that such limitation statutes were duly pleaded by Gibbs et al.

It was to decide the above issue that the writ of error was primarily granted.

■ It is our opinion that this land cannot be recovered by Palmetto Lumber Company et al. in this action unless it can be said that the deed from the lumber company to Mrs. Gibbs was an utter nullity from its incipiency. This must be so, if for no others, for two reasons, (a), because the right to set aside the deed was barred by the four years statute of limitation at the time the suit was filed, and (b), because the petition of Palmetto Lumber Company et al. does not seek or pray for a cancellation of such deed. Indeed we understand from this record that counsel for Palmetto Lumber Company et al. do not contend that they can recover this land in this action unless it is held that the deed was utterly void because its consideration was usurious interest in toto.

We shall now proceed to determine the question as to whether or not this deed was absolutely void at its incipiency.

Section 11 of Article 16 of our State Constitution provides:

"All contracts for a greater rate of interest than ten per centum per annum, shall be deed usurious, and the first Legislature after this amendment is adopted, shall provide appropriate pains and penalties to prevent the same; but when no rate of interest is agreed upon, the rate shall not exceed six per centum per annum. (Sec. 11, Art. 16, adopted election August 11, 1891; proclamation September 22, 1891.)"

It will be noted that the above constitutional provision stipulates that "the first Legislature after this amendment is adopted shall provide appropriate pains and penalties to prevent the same:" etc. Of course the use of the words "first Legislature" was not intended to limit legislation on the subject of usury to that Legislature alone, but merely to indicate the constitutional intent that such legislation should not be delayed. Acting under the above constitutional authority, and in response to the duty thereby imposed, the Legislature of this State has from time to time enacted laws for the purpose of providing appropriate pains and penalties to prevent usury. The deed in question here was executed in 1907. So far as we are apprised the usury statutes as contained in the codi-

fication of our Revised Civil Statutes of 1895 were then in force. These statutes comprise Articles 3097 to 3107, both inclusive, of the 1895 codification.

We quote the following articles of the 1895 codification as directly and indirectly involved here:

Art. 3103. "The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten per cent per annum on the amount of the contract."

Art. 3104. "All written contracts whatsoever, which may in any way, directly or indirectly, violate the preceding article by stipulating for a greater rate of interest than ten per cent per annum, shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered."

Art. 3106. "If usurious interest, as defined by the preceding articles, shall hereafter be received or collected, the person or persons paying the same, or their legal representatives, may by action of debt, instituted in any court of this state having jurisdiction hereof, within two years after such payment, recover from the person, firm or corporation receiving the same, double the amount of the interest so received or collected."

Art. 3107. "No evidence of usurious interest shall be received on the trial of any case unless the same shall be specially pleaded and verified by the affidavit of the party wishing to avail himself of such defense."

It will be noted that Article 3103, supra, provided in effect that parties to a written contract might agree to a rate of interest not exceeding ten per cent per annum. The succeeding article, 3104, provided in substance that all written contracts that violated Article 3103 by stipulating for a greater rate of interest than ten per cent per annum should be void as to interest only. Article 3106, provided for the recovery of double the amount of interest paid where usury was received or collected. This article expressly provided a two years limitation period for the filing of usury suits thereunder. It will thus be noted that under Article 3103 the parties to a written contract could stipulate for ten per cent interest per annum. Under Article 3104 a contract directly or indirectly violating Article 3103 was void as to interest, but not void as to principal. It thus appears that under the terms of Article 3104 the lender could collect his principal, but could collect no interest if the contract was directly or indirectly usurious.

■ Under the terms of Article 3106, when usurious interest was actually paid the person paying could recover back double the amount of usury paid.

If we correctly interpret the briefs and arguments for Palmetto Lumber Company et al. they contend that under the above statutes this deed was utterly void at its incipiency and never operated in any way to convey this land. In other words they would have us to hold that this deed amounted to nothing more than a blank sheet of paper. If such conclusion is reached it must be by reason of Article 3104, supra. When we come to examine the provisions of Article 3104, supra, we are unable to find any language therein that would condemn this deed as utterly void. The contract condemned by that statute was an executory one. Under the terms of Article 3104 a ·contract for the collection of usurious interest was void as to interest, and the party contracting to pay the same could not be compelled to do so. When this article is read from its four corners, and considered in the light of the constitutional provision above quoted, and also in the light of the other articles of the same title, it is evident that so far as this case is concerned it dealt only with executory contracts to pay interest. It had no application where the contract was executed by the voluntary payment of usurious interest.

The construction we have given Article 3104 is the only one that could be given it if the article had stood alone in the statutes, but it did not so stand. Article 3106 was included therein. By the terms of Article 3106 any person paying usurious interest could, within two years after paying the same, recover double the amount paid. As already shown, Article 3104 dealt with executory contracts, that is contracts to pay. A reading of Article 3106 demonstrates that it dealt with executed contracts; that it, Article 3106 dealt with the situation after the usurious interest was paid.

If a person contracted to pay usurious interest and chose not to do so, under the terms of Article 3104, he could not have been compelled to fulfil his contract in that respect. Under Article 3106 if he chose to fulfil his contract and pay the interest he could recover double the amount of such interest so paid if he filed his suit therefor within two years from the date of payment.

■ It is the settled law of this State that property transferred in payment of usurious interest constitutes usury, just the same as payment in money, if the lender thereby obtains more than ten per cent interest per annum as consideration for the

use or forbearance or detention of money. It is also settled that usurious interest paid in property will form the basis of a money judgment for double the amount of usurious interest so paid. Sugg v. Smith (Civ. App. writ ref.), 205 S. W., 363. To our minds it would be a paradox to say that property transferred in payment of usurious interest can form the basis of a money judgment in double the amount of the usurious interest so paid, and at the same time say no title to the property passed. In such a case if the title to the property does not pass no usurious interest is paid, and if no usurious interest is paid no authority exists for a double recovery. Under the facts of this case if Palmetto Lumber Company had prosecuted an action against Mrs. Gibbs for double the usurious interest paid by the conveyance to her of this land, within two years from such conveyance, there is no doubt about its right to have so recovered. This could not be the law if the conveyance was utterly void, because if that were so no interest was paid.

The question as to whether a deed executed in consideration of usurious interest entirely is absolutely void has never, so far as we have been able to ascertain, been directly presented to the courts of this State, but such question has been decided in other jurisdictions and those decisions are in harmony with the conclusions we have reached. Hicks v. Marshall, 67 Ga., 713; Harris v. Hull, 70 Ga., 431; Denn v. Dodds, 1 Johnson's cases, 158; Dix v. Van Wyck (N. Y.), 2 Hill, 428.

The two Georgia cases, supra, are cited by the Court of Civil Appeals. These cases clearly uphold the rule of law we have announced. We quote the following from the opinion in Hicks v. Marshall:

"The remaining question is whether a deed made and delivered in payment of a debt due the grantee therein is void, because the deed for which the money was due was infected with usury.

"In all contracts whereby one takes or reserves more than the lawful interest for money, such contracts are usurious, and all titles to property as a part of such usurious contracts are void. To make a contract usurious there must be a loan or forbearance of money expressed, or implied. Tyler on Usury, 92-94.

"Where there is a bona fide purchase there is an end of the question of usury. 4 Peters U. S., 205.

"The testimony, as sent up in the record, shows that a deed was given by Hicks and wife to Marshall for the land in dispute. If the contract were what it purported to be, a

sale of land, and not for a loan or forbearance of money, then the deed itself is not infected with usury and must be enforced; and this would be so, although there might have been many other antecedent usurious contracts between the parties. To make that deed void there must have been usury in that contract. A payment of debts by a sale of land, though they may have had usury in them, does not make the contract for the land usurious.

"But it is said that Marshall cannot enforce this deed to recover possession, Hicks and wife not having surrendered it. That depends upon the contract; if the deed given was for the securing of the payment of a debt infected with usury, then he could not; but if given to convey title under a sale made then he could, notwithstanding there may have been usury in the debts which Hicks was paying. A debtor may pay a usurious debt as well as any other, and he may pay it in money or he may pay it in land. If he pay in money it is by delivery; if in land it is by deed, and in neither case is there a loan or forbearance of money so as to establish the presence of usury. In harmony with these principles are the dicta in 55 Ga., 414, and the decision in 61 Ga., 38."

In Denn v. Dodds, supra, Chancellor Kent, then a trial judge said:

"We are of the opinion that the consideration of the deed of trust was sufficient, and that it was not a conveyance within the statute against usury. That statute applies to contracts and assurances by way of security for existing debts only. This was not a security, but an absolute conveyance upon trusts and operated as a payment or satisfaction of the debts mentioned in it, which debts, upon the performance of the trusts, would be discharged and extinguished. It was an act done in execution of the previous contracts by which the usurious debts were created, and nothing but the trusts remained for the benefit of the grantor. An act of this nature cannot be rescinded on the ground of usury. If that were permitted in the case of an absolute conveyance, or a conveyance upon trusts, the consequences would be extensively injurious. No man could be safe in his title to real property, if the question of usury might at any time be opened to impeach the consideration and validity of the deeds under which he claimed. It is obvious that the doctrine to this extent could not be tolerated."

In Dix v. Van Wyck, supra, the court, after stating that the statute declares void all contracts and securities infected with usury without reference to the source from which the

objection comes or the consequences which may follow, says:

"Contracts affected by usury are not so utterly void but that they may be ratified; and, therefore, if a borrower repay a loan which he might have avoided for usury, he cannot recover the money back again; though, under our statute, he may recover the excess which has been paid beyond the legal interest. So, if the debtor make a conveyance of his land to the creditor in satisfaction of a usurious debt, the deed cannot be avoided for the usury. (Denn v. Dodds, 1 John. Cas. 158. And see Pratt v. Adams, 7 Paige 615.) And wherever a man has conveyed his property upon a usurious contract, the deed will stand good until the grantor or some one claiming under him chooses to avoid it. It is not a mere nullity. (Whelpdale's case, 5 Co., 119; Bull. N. P., 224.)"

Counsel for Palmetto Lumber Company very earnestly and ably contend that the case of Shear Company v. Hall, (Tex. Com. App.), 235 S. W., 195, supports the proposition that a deed executed in payment of usurious interest is void. We think that case does not support such a proposition.

In Shear Company v. Hall, supra, Section B of the Commission had before it a case where a sale of land was made by the substitute trustee in a deed of trust given to secure a lien tainted with usury. The sale was for no part of the principal debt, but for usurious interest only. The Commission held the sale void. The Supreme Court in adopting the judgment recommended by the Commission simply stated:

"Since the land was sold to pay a note given for interest on an usurious loan, the sale was void."

When a person gives a deed of trust on land to secure a debt with power of sale in the trustee on default of payment, the holder of the debt may subject the property to its payment by having the trustee to sell the land to satisfy the debt. It is evident, however, that before a foreclosure can be so had there must exist a debt. Usurious interest is not a debt. It follows that a purported sale by the trustee to pay usurious interest alone is void because there is no authority for the trustee to act. We think, however, there is a vast difference between a sale made by the trustee to pay usury only, and a voluntary conveyance made by the debtor himself for the same purpose. Certainly if the debtor who has contracted to pay usurious interest desires to waive the issue of usury and make conveyance of property to pay the same he has a right to do so, and his deed will operate to convey title.

It appears from the record that on December 6, 1910, Mrs. Gibbs claimed an indebtedness due her by Palmetto Lumber

Company of $196,750.00. This indebtedness was independent of the $47,643.75 paid to Mrs. Gibbs by the deed of October 3, 1907. We take it for granted that part of the sum above mentioned was usurious interest. On December 6, 1910, the Palmetto Lumber Company by general warranty deed conveyed to Mrs. Gibbs what was known as the Carroll timber and certain other timber in San Jacinto County, Texas. The trial court found these deeds were executed in payment of the above claimed indebtedness. At the same time these deeds were executed the parties entered into a selling contract which inaugurated a joint venture between them. This selling contract was rather extended and complicated. The opinion of the Court of Civil Appeals makes a very comprehensive and correct statement of its contents. In the interest of brevity we adopt that statement. As already stated the deeds of December 6, 1910, were in form and substance general warranty deeds, and on their faces purported to be absolute and unconditional conveyances. The trial court so construed them and his construction was sustained by the Court of Civil Appeals.

Counsel for Palmetto Lumber Company earnestly contend that in spite of the fact that the timber deeds of December 6, 1910, were absolute conveyances on their faces, they should be construed as mortgages because of the terms of the contemporaneous selling contract, and other circumstances contained in the record. In regard to this matter the trial court found:

"I find that the 1910 deed and contract was, at the time of its execution and delivery, intended by the parties to be and was a bona fide sale of the timber on the one hand and purchase on the other, both parties intending that the title to the timber should, under and by virtue of said instruments, pass absolutely to Mrs. Sallie E. Gibbs, and I further find that both parties, down to the year 1926, treated said deed and contract as having such effect. * * *"

█ We have carefully examined the selling contract executed at the same time these deeds were executed. This contract is set out in the opinion of the Court of Civil Appeals. In our opinion it contains no provisions that would render these timber deeds mortgages. To the contrary we think the sales contract sustains the contrary construction. When we come to examine the record we think it shows that the trial court had ample evidence outside the deeds, and outside the selling contract, to find that the deeds were intended as absolute conveyances and not mortgages. In this connection, as shown by

the opinion of the Court of Civil Appeals, Mr. Ford, President of Palmetto Lumber Company, who represented such company in the transactions leading up to the execution of the deed, and who also represented it in the long continued transactions between the parties thereafter, testified that, "The debt was wiped out on our books and it was my understanding that the debt was paid but our guaranty still stood up. * * * For 16 years we treated the 1910 contract as a sale according to our book records. Our attorneys found it was not a sale, and I did not know what the legal effect of it was until they told me." In this connection we think this record justifies the conclusion that all parties treated these deeds as absolute conveyances from the time of their execution. Mrs. Gibbs and her successors never gave these deeds any other construction. In addition to what has already been said about these deeds we here pause to remark that the trial court heard evidence, pro and con, on the issue as to what was the intention of the parties in the execution of these deeds and contenporaneous sales contract, and found that such deeds were executed in payment and final settlement of Mrs. Gibbs' claim for $196,750.00 against Palmetto Lumber Company. We think the evidence in law supports such finding, and the Court of Civil Appeals has held such evidence sufficient. The Court of Civil Appeals is the court of final jurisdiction on the issue of sufficiency of evidence.

As shown by the opinion of the Court of Civil Appeals the conclusion that the timber deeds of December 6, 1910, were absolute conveyances and not mortgages, disposes of all claims of Palmetto Lumber Company et al. for usury. This is true because these conveyances settled all usury claims to December 6, 1910; and these timber deeds and sales contract initiated a joint venture pursued from that time forward by the parties. This joint venture was subsequently changed in some respects by the parties, but they continued to operate as such until April, 1927.

We have read and carefully considered the other assignments of error contained in the application for the writ of error filed by Palmetto Lumber Company et al. and in our opinion the trial court and Court of Civil Appeals have made proper disposition of the law questions therein involved.

■ So far we have considered the assignments of error contained in the application for writ of error filed by Palmetto Lumber Company et al. We now come to consider the application of Gibbs et al. It appears that the trial court made

certain rulings adverse to Gibbs et al. in the accounting suit. These rulings involved transactions that are rather complicated. An accounting suit is now generally classed as a proceeding in equity, and this is especially true in a case like this where the accounts are complicated and long continued. 1 Tex. Jur., pp. 395-6; 18 R. C. L., pp. 223-4; 1 C. J., p. 612 et seq. In view of these facts we are convinced that if we sustain any of the Gibbs assignments we ought to reverse and remand this cause for a new trial on matters involved in the accounting suit subsequent to December 31, 1921, when the record indisputably shows that a stated account was agreed to by the parties. An examination of the Gibbs et al. application convinces us that they do not want it considered after the assignments of error urged by Palmetto Lumber Company are overruled if such consideration produces such a result.

■ The judgment of the Court of Civil Appeals and district court are in all things affirmed. Gibbs et al. shall pay all costs in the district court, and Palmetto Lumber Company shall pay all costs in the Court of Civil Appeals, and in the Supreme Court.

Opinion adopted by Supreme Court, March 27, 1935.

Judge German did not sit in this case.

ON MOTION FOR REHEARING AND TO CORRECT STATEMENTS.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This case is again before us on three motions filed by plaintiffs in error as follows:

Motion No. 11876 for rehearing filed by Palmetto Lumber Company, A. C. Ford, R. W. Miller, and A. L. Black.

Motion No. 11877 for rehearing filed by A. C. Ford, R. W. Miller, and A. L. Black.

Motion No. 11878 to correct certain statements made in our original opinion, filed by all of the above named plaintiffs in error.

In our original opinion we stated that the consideration for the deed of date October 3, 1907, was entirely usurious interest in the sum of $47,643.75. In the motion to correct it is called to our attention that the consideration for this deed was usurious interest on a loan for $47,643.75. We acknowledge

this error, but it has no effect on the legal questions involved.

In the original opinion with reference to the $198,750.00 we stated that this was an indebtedness independent of the indebtedness for $47,643.75 above mentioned. In the motion to correct it is called to our attention that the $198,750.00 included the sum of $47,643.75, but did not include the usurious interest on the later sum. We acknowledge this error, but think it is also immaterial.

We have read and carefully considered both motions for rehearing, and same are in all things overruled.