## SMITH v. BREWER.
### No. 4059.

Court of Civil Appeals of Texas. El Paso.
Feb. 27, 1941.

Rehearing Denied March 20, 1941.

John E. Lyle, Hayden W. Head, and Keys & Holt, all of Corpus Christi, for appellant.

Jack Pope, of Corpus Christi, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the County Court of Nueces County, wherein L. H. Brewer, as plaintiff, recovered against L. C. Smith, doing business under the name of Eagle Loan Company, defendant, a judgment in the sum of $121 and

certain barber fixtures alleged to be of the value of $45. Appeal was perfected from this judgment, and same is here for review.

This case was filed in one of the Justice Courts of Nueces County on the 10th day of August, 1939. Plaintiff sought recovery in double the amount of alleged usurious interest paid to defendant during the two years elapsing next prior to August 10, 1939, and recovery of certain barber fixtures. Judgment was against defendant and appeal was perfected to the County Court.

In the County Court the trial was before the court without a jury. Judgment was rendered for the plaintiff as before stated.

On motion of the defendant the court made up and filed findings of fact and conclusions of law.

For convenience the parties will be designated here as they were in the trial court.

On February 2, 1930, plaintiff, a negro barber, borrowed from defendant the sum of $20 and executed therefor a written obligation in the sum of $28, payable in weekly installments of $2.80 each. This was the beginning of a series of transactions between them, closing on the 9th day of May, 1939. During the period elapsing from the initial transaction and the closing transaction, plaintiff borrowed sums totaling about $85. In repayment thereof and for interest, he paid defendant the sum of $350. On the 9th day of May, 1939, the transaction was apparently closed in the following manner: Plaintiff executed and delivered a note in the sum of $61 to defendant, and a release of any and all claims he might have against defendant for the exaction of usury on the prior transactions. Defendant had advanced to plaintiff the sum of $7. This $7 was included in the $61 note. At the time the note was exacted, plaintiff had overpaid all sums of money borrowed from defendant. Plaintiff's suit was filed on the 10th day of August, 1939, seeking to recover interest payments for the period elapsing next prior to that date.

The facts as we have stated above are in substance comprehended in the findings of fact of the trial judge. These facts are assailed by the defendant, but on a careful reading of the record we hold that all are sustained by the evidence.

Defendant urges a complete effectiveness of the release we have referred to above to extinguish any cause of action plaintiff may have had. This release we shall not set forth in full. It is substantially the same type of release as set forth in the case of Employees Loan Co. v. Templeton, Tex.Civ.App., 109 S.W.2d 774, 780. This case is strongly relied upon by defendant.

Before discussing that case, let us for a moment consider the contract of May 9, 1939. The new loan of $7 is relied upon as affording consideration for the release. To our minds this was all one transaction. For the advance of $7 to plaintiff defendant received a note for $61 and a release for all previous usury exacted. This seems a rather peculiar transaction, but not improbable when viewed in the light of the prior transactions between the parties. In the first transaction defendant collected interest at a rate in excess of 200 per cent per annum. A careful study of the meager accounts in the evidence justifies the inference that this was about the prevailing rate of interest charged plaintiff.

In the case of Employees Loan Co. v. Templeton, supra, the following is quoted with approval from Cotton v. Beatty, Tex. Civ.App., 162 S.W. 1007: " 'Where defendant made plaintiff a second usurious loan in consideration of plaintiff's releasing his right to sue for usury in the first loan, that consideration is sufficient and the agreement is a defense to the usury in the first transaction.' "

In each of the above mentioned cases the facts are almost parallel with the facts in this case. There can be no dissent with the proposition that an accrued cause of action for the collection of usurious interest paid may be compromised and released. It seems to us, however, the fact was overlooked that the release was an integral part of the consideration paid, or promised to be paid, for the use of the money. In fact, it seems to us to amount to a payment of the interest in advance. Now, if the interest reserved in the obligation exceeded ten per cent, the court would not enforce same. By the very express provision of our Constitution such a contract is utterly void.

The case of International Bldg. & Loan Ass'n v. Biering, 86 Tex. 476, 25 S.W. 622, 26 S.W. 39, seems to us to hold that any interest, though less than the statutory conventional interest, is usurious if

the obligation is tainted with usury. Likewise the case of El Paso Bldg. & Loan Ass'n v. Lane, 81 Tex. 369, 17 S.W. 77.

Interest is the amount paid for the use of money. It need not be paid in money. It is part of the consideration for making a loan. To paraphrase the language of one of our Presidents, it is hire for money. Usury may be paid by the conveyance of property instead of money. Palmetto Lbr. Co. v. Gibbs, 124 Tex. 615, 80 S.W.2d 742, 82 S.W.2d 376, 102 A.L.R. 474, 482. If so paid, double the value of the property parted with may be recovered, provided suit be filed therefor within the proper time.

We are not unaware that there is a distinction between recovery of usurious interest with penalty and urging usury as a defense. In our opinion this distinction has no bearing here. Here, the court was called upon to enforce a usurious contract. For, as we have said, the contract of May 9, 1939, was a unitary contract. This release is a sham and a fraud for covering and protection of the exaction of outrageous and unconscionable rates of interest from the poor and defenseless. To sustain it as a defense in this case would put the stamp of legal approval upon illegal extortion. Section 11, Article 16, of our State Constitution, provides: "All contracts for a greater rate of interest than ten per centum per annum, shall be deemed usurious, and the first Legislature after this amendment is adopted, shall provide appropriate pains and penalties to prevent the same."

Article 5071, R.S.1925, in part, provides: "The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten per cent per annum on the amount of the contract; and all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest shall be void and of no effect for the amount or value of the interest only."

We do not believe that our decision herein on this matter in any way conflicts with the prior decisions of the Supreme Court in relation thereto. We believe it is entirely in harmony with the reasoning of that Court in the cases of International Bldg. & Loan Ass'n v. Biering, supra, and El Paso Bldg. & Loan Ass'n v. Lane, supra; also with Commerce Trust Co. v. Ramp, 135 Tex. 84, 138 S.W.2d 531. We do not mean to say that those cases are direct authority for our position here, but only that our position is not inconsistent with those cases. Nor does it conflict with Stout v. Ennis Natl. Bank, 69 Tex. 384, 8 S.W. 808. There, the note was by a subsequent agreement purged of all usury. The consideration for the release of liability for usury paid was an extension of time on a then valid and subsisting obligation.

Defendant assigns error on the ground that the recovery in the County Court was for a less sum than in the Justice Court and the court charged all the costs against the defendant.

Article 2065, R.S.1925, is cited by defendant as showing that the court erred in not charging the cost of the appeal to the County Court against plaintiff. In this we think the court was in error. If reason there was for not taxing the cost as provided in the statute, same does not appear of record.

It is, therefore, ordered that the costs of appeal to the County Court be taxed against plaintiff. However, this matter does not appear to have been called to the attention of the trial court, and the costs of this appeal will be taxed against the defendant.

In our opinion, the other matters assigned as error are without merit and are overruled.

Our justification for writing at this length is that the question is of great and grave importance, and we realize that what we have said conflicts in a measure, at least, with the decision of the Court of Appeals of Fort Worth, which was discussed in the course of the opinion.

It is ordered that the judgment be reformed as above indicated and affirmed.