## FINN v. ALEXANDER.
### No. 4139.

Court of Civil Appeals of Texas. El Paso.
Nov. 6, 1941.

Rehearing Denied Sept. 10, 1942.

Cunningham, Ward & Cunningham, of El Paso, for appellant.

A. L. Carlton and Travis White, both of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of the County Court at Law of El Paso County. R. L. Alexander, as plaintiff, recovered against defendant, J. R. Finn, doing business as the Border Finance Company, the sum of $206, together with a foreclosure of an attachment lien on certain personal property. Defendant has perfected this appeal.

The parties will be here designated as they were in the trial court.

Plaintiff's alleged cause of action was for double the amount of usurious interest paid the defendant within two years next prior to the filing of his petition. Among other defenses, defendant pleaded two written releases alleged to have been executed and delivered by plaintiff to defendant. The trial was before the court, and on the demand of the defendant findings of fact and conclusions of law were filed. These findings and conclusions evidence a careful consideration of the facts and of the law applicable thereto. Their thoroughness enables us to state the ultimate findings with great brevity.

The court found that defendant had collected during the relevant two years the sum of $103 usurious interest. This finding is amply sustained by the evidence, and as a matter of fact is not assailed by defendant. The judgment is correct as to the amount of recovery, unless the two releases pleaded by defendant released the cause of action asserted by the plaintiff. Article 5073, R.S.1925.

These two releases are dated, respectively, April 21, 1939, and September 23, 1939, are general in form, and purport to release all usury theretofore collected by defendant. The last clause of each release

is as follows: "and I recognize that this release is a part of a consideration to advance me further money which I have received."

On April 21, 1939, plaintiff executed and delivered to defendant a note in the sum of $78.60, payable in installments of $13.10, payable on the 5th and 20th of each succeeding month until paid. Plaintiff received credit for $13.10, an installment purporting to be due on another usurious transaction, and $46.90 in cash. Eighteen dollars and sixty cents represented part of the interest charged for the loan. As part and parcel of the same transaction plaintiff executed and delivered the release in question. The release of September 23, 1939, related to an almost identical transaction. Everything hereafter said in regard to the release of April 21, 1939, applies in principle to the release of September 23, 1939.

Leaving out of account the fact that the note matured in installments, plaintiff promised to pay $18.60 as interest. This is far in excess of the legal contractual rate of interest, and taking into account the fact that the note matured in installments, represents a gross extortion of usury. This is not all plaintiff paid for the use of this money. As a further consideration he released a valid cause of action for usurious interest theretofore paid to defendant.

" 'Interest' is the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money: * * * 'conventional interest' is that interest which is agreed upon and fixed by the parties to a written contract, not to exceed ten per cent per annum. 'Usury' is interest in excess of the amount allowed by law; all contracts for usury are contrary to public policy and shall be void." Article 5069, R.S. 1925.

Article 5071, R.S.1925, provides in substance that all written contracts which may in any way directly or indirectly provide for a greater rate than ten per cent shall be void and of no effect to the extent of the interest.

Usury may be paid in property as well as money. Taylor v. Sturgis, 29 Tex. Civ.App. 270, 68 S.W. 538; Stewart v. Briggs, Tex.Civ.App., 190 S.W. 221; Palmetto Lbr. Co. v. Gibbs, 124 Tex. 615, 80 S.W.2d 742, 743, 82 S.W.2d 376, 102 A.L.R. 474, 482.

Likewise, we take it, that it is fundamental that interest may be paid in advance.

Suppose in this case, instead of releasing the obligation of defendant, plaintiff had assigned a cause of action for usury he held against a third party, it could hardly be said that same was not paid as compensation for the money. Here plaintiff has released a good and valid cause of action to defendant. Defendant could hardly complain that the court did not ascertain the value of the release and award plaintiff double that value; such relief was in fact not sought.

Under our view of this matter defendant, in consideration of the advance of cash of $49.60 and a credit of $13.10, received, first, plaintiff's note in the sum of $78.60, a release of a valid claim against him in a sum in excess of $100. The consideration for a note, viewed from the standpoint of the payee, is the maker's promise to repay the principal with interest, and that any consideration aside from the promise of the maker to repay the principal sum is compensation for the use of the money. In other words, interest within the meaning of the statute. This contract was valid only to the extent of the promise to repay the principal. The principal is the amount actually received.

We gave careful consideration to the cases of Cotton v. Beatty, Tex.Civ. App., 162 S.W. 1007, and Employees Loan Co. v. Templeton, Tex.Civ.App., 109 S.W. 2d 774, and the case of Smith v. Brewer, Tex.Civ.App., 149 S.W.2d 262, and still adhere to our views there expressed. In the case of Cotton v. Beatty, supra, a writ of error was granted by the Supreme Court (170 S.W. XIX), but later dismissed for want of jurisdiction (176 S.W. XVI). The case originated in the County Court, and we presume that this was the ground of the dismissal. The endorsement made by the Supreme Court in granting the writ has been made available to us. It was as follows: "We incline to the view that the usurious loan did not constitute a good consideration for the release." The release, under the express provisions of the statute, was utterly void.

Defendant moves to quash the writ of attachment in this case upon the grounds that the cause of action was one

for the recovery of penalty in the sum of $218, and was a liquidated amount, and a suit against J. R. Finn, a nonresident person, upon whom personal service could be obtained within El Paso County. To obtain the attachment, plaintiff made affidavit that defendant was a nonresident of the State of Texas. Such being the affidavit, an attachment might lawfully issue whether the amount claimed in the action was for tort or contract. There is no merit in the assignment, and same is overruled.

Defendant has moved that we certify this case to the Supreme Court. The questions involved are important. We realize that what we have said conflicts with what has been said in the two cases discussed in our opinion. However, we shall pass the question and decide upon the motion for rehearing whether or not the case shall be certified.

The case is in all things affirmed.